### SCOTT *et al. v.* HAVENS.

(*Supreme Court, General Term, Second Department.*   February 8, 1892.)

NEGOTIABLE INSTRUMENTS—CONSIDERATION OF PROMISSORY NOTES.

 In an action on two promissory notes by defendant, and on another made by his son, and indorsed by him, he produced receipts from the payee for a sum of money, less than the amount of the three notes, which money he claimed he had deposited with the payee, to be loaned by the latter to defendant's son; and he alleged that the son's note was given for a part thereof so loaned, and that his own notes were given for moneys received by him from the payee, exceeding the balance in the latter's hands, which excess he had since repaid.    The receipts were dated several months prior to the notes, and it appeared that at about the time of the dates of the receipts a mortgage held by the payee against defendant, for about the amount of the receipts, was canceled.    *Held,* that the evidence was insufficient to sustain a judgment for defendant.

Appeal from circuit court, Suffolk county.

Action by John Scott and Edward H. Foster, executors of Lewis Scott, against Daniel S. Havens.    Verdict and judgment for defendant, and order denying motion for a new trial.    Plaintiffs appeal.    Reversed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Harri M. Howell,* (*Timothy M. Griffing,* of counsel,) for appellants.    *Wilmot M. Smith,* (*Thomas Young,* of counsel,) for respondent.

BARNARD, P. J.   The defendant gave to Lewis Scott two notes,—one dated 10th of June, 1887, for $200, payable on demand, with 6 per cent. interest.    The other note was given August 6, 1887, for $500, also bearing 6 per cent. interest.    The defendant's son, Edward S. Havens, gave a note to Scott for $1,100 on the 27th of May, 1887, bearing the same rate of interest, and this note was indorsed by the defendant.    Scott died in August, 1888, and his executors bring this action to collect the three notes, with interest. The answer of the defendant sets up as a defense that on the 27th of May, 1887, he deposited with Scott $1,658.08; that this sum was to be loaned apparently by Scott, but really by defendant to defendant's son; that the $1,100 note was given by Edward S. Havens and indorsed by the defendant for $1,100 of this money, and that the loan was one of defendant's, and represented his money; that the defendant. subsequently got from Scott the $500 and the $200, and gave his notes; and that, after Scott's death, he paid his executors the amount which Scott advanced to him, over and above the amount of the deposit; $1,658.08.    The evidence fails to show that the

$1,658.08 was deposited with Scott for the purpose of loaning to defendant's son. The evidence does show that on the 3d of November, 1886, Scott gave a receipt to defendant for $1,658.03. The receipt explains nothing as to the purpose of the payment. The deceased held a mortgage against defendant for $1,600. This mortgage was canceled on the 5th of November, 1886. The amount then due upon the mortgage was probably the amount stated in the receipt. The satisfaction piece of this mortgage is dated and acknowledged the 30th of September, 1886, and the defendant produces a receipt from Scott, September 22, 1886, for $1,645. The defendant's wife gives evidence tending to show that the $1,645 receipt was given for the satisfaction piece. The receipts substantially fit the mortgage at the several dates of the receipts. There is no visible connection between either of them and the notes in suit. They were given some months afterwards. There was no defense proven to the notes. A receipt given in November, 1886, and another one in September, 1886, have no relevancy as to these notes, given months afterwards. The payment of the $155, and its receipt, was no defense further than it operated as a payment to the extent of the $155. The judgment should be reversed, and a new trial granted, costs to abide event. All concur.